# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,        )<br>)<br>)<br>Plaintiff,        )<br>)<br>v.        )<br>)<br>WEST ROOFING SYSTEMS - GEORGIA, INC.,        )<br>)<br>Defendant.        )<br>_____)  | CIVIL ACTION NO.<br><br>0:07-cv-03249-JFA-BM<br><br><br>CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant West Roofing Systems-Georgia, Inc. ("Defendant") discriminated against Tomeka Evans by failing to hire her because of her sex, female.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided

paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Tomeka Evans the sum of twelve thousand dollars ($12,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Ms. Evans. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Evans at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Evans.

4. Defendant has in place an Equal Employment Opportunity policy, attached as Appendix A, that it shall maintain throughout the term of this decree. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall redistribute to its current employees a copy of its formal, written anti-discrimination policy. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute its policy to each new employee at the time of hire.

5.	During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 4 above, at its office in Tunnel Hill, Georgia in a place where it is visible to employees and applicants.  If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy.  Within ten (10) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

6.	Defendant shall implement a hiring procedure that does not rely solely on word-of-mouth for publicizing openings and that includes a written hiring procedure to ensure that applicants are evaluated based on their qualifications and interest in open positions.

7.	Defendant shall post job vacancies in a place at Defendant's office where potential applicants can view them.

8.	Defendant will actively recruit women into jobs where they have traditionally been excluded.  Defendant agrees to provide written notice to all employees of its efforts to increase female applicants and hires on each hiring occasion.  Defendant will notify the Commission of compliance within 10 days of notification to employees.

9.	 Defendant agrees to expand its recruitment efforts of female applicants to include notifying the Georgia Department of Labor Career Center in Dalton, Georgia of job vacancies except in the case of unexpected vacancies that occur during the course of a project and need to be filled immediately in order to complete the project.   Any advertisements for job openings shall include a statement that Defendant is an equal opportunity employer and that women are encouraged to apply.  Defendant also agrees to notify the Commission of its compliance with this provision within 10 days of notification to the Georgia Department of Labor.

10. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed by May 31, 2009. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at its office in Tunnel Hill, Georgia. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

a.  Defendant shall maintain, segregated apart from its employment decision-making process, applicant flow records for all individuals who apply for a laborer position or are hired for that position. These records will include:

　　1.  Date of application;

　　2.  Applicant's name, address, telephone number, and sex if known;

　　3.  Whether the applicant was interviewed;

　　4.  Reason for applicant rejection, if applicable.

b.  Defendant shall provide copies of all applications for laborer positions.

c.  Defendant shall also document and maintain records relating to every complaint of sex discrimination. Such records include:

　　1.  The name, sex, social security number, last known telephone number and address of all individuals who complained of or reported any conduct he or she believed to be sex discrimination under Title VII or a violation of Defendant's Equal Employment Opportunity Policy (referenced in paragraph 4 above);

　　2.  A detailed description of the alleged sex discrimination; and

　　3.  A detailed description of what action, if any, Defendant took in response to the report or complaint

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13.  The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

14. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Decree shall be for three (3) years from its entry by the Court.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED.

July 24, 2008  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

This 24th day of July 2008.

| | |
|---|---|
| **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **DEFENDANT WEST ROOFING SYSTEMS - GEORGIA INC.** |
| RONALD S. COOPER<br>General Counsel |   s/ Deborah Casey Brown<br>DEBORAH CASEY BROWN |
| JAMES L. LEE<br>Deputy General Counsel | (Fed. Bar No. 1507)<br>GALLIVAN, WHITE & BOYD, P.A.<br>55 Beattie Place, Suite 1200 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | P.O. Box 10589<br>Greenville, SC 29603<br>Phone: (864) 271-5346 |
| LYNETTE A. BARNES<br>Regional Attorney | E-mail: dbrown@gwblawfirm.com |
| TINA BURNSIDE<br>Supervisory Trial Attorney | ATTORNEY FOR DEFENDANT |
|   s/ Mary M Ryerse<br>MARY M. RYERSE<br>(Fed. Bar No. 9604)<br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Phone: 704.344.6886<br>Facsimile: 704.344.6780<br>e-mail: mary.ryerse@eeoc.gov | |
| ATTORNEYS FOR PLAINTIFF | |

**Equal Employment Opportunity**

In order to provide equal employment and advancement opportunities to all individuals, employment decisions at West Roofing Systems - Georgia, Inc. will be based on merit, qualifications, and abilities. West Roofing Systems - Georgia, Inc. does not discriminate in employment opportunities or practices on the basis of race, color, religion, sex, national origin, age, disability, or any other characteristic protected by law.

We will make reasonable accommodations for qualified individuals with known disabilities unless doing so would result in an undue hardship. This policy covers all aspects of employment, including selection, job assignment, compensation, discipline, termination, and access to benefits and training.

In addition to our commitment to provide equal employment opportunities to all qualified individuals, we have established an affirmative action program to promote opportunities for individuals in certain protected classes throughout West Roofing Systems - Georgia, Inc.

If you have any question or concern about any type of discrimination in the workplace, you are encouraged to bring the issue to the attention of your supervisor or the Administration Office. At West Roofing Systems - Georgia, Inc., be assured that you can raise concerns and make reports without fear of reprisal. Further, anyone found to be engaging in any type of unlawful discrimination will be subject to disciplinary action, up to and including termination of employment.

Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NUMBER 0:07-cv-03249-JFA-BM |
| WEST ROOFING SYSTEMS - GEORGIA, INC., | ) ) ) | NOTICE |
| Defendant. | ) ) | |
| _____ | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission (EEOC) and West Roofing Systems-Georgia, Inc. in a case of discrimination based on sex. As part of the settlement, West Roofing Systems-Georgia, Inc. agreed to take actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex.

3. West Roofing Systems-Georgia, Inc. will comply with such federal law in all respects. Furthermore, West Roofing Systems-Georgia, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2011.

Appendix B